WOLLMAN, Circuit Judge,
dissenting.
Because I believe that the magistrate judge’s factual findings and legal conclusions find support in the record, I would reverse the district court’s judgment and hold that the items seized during the warrant-based search are admissible at trial.
*536 My disagreement with the court’s holding lies not with its factual recitation of the events that culminated in the arrest and detention of the defendants, but with its conclusion that the facts require a holding that Trinidad was seized by the time he spoke with Becker on the cell phone. I agree with the court that the first two of the Griffith factors support the government’s argument that the interaction between Trinidad, Jose, and the officers remained a consensual encounter throughout its duration. I would hold, however, that the remaining Griffith factors, when viewed in the light of the attendant circumstances, do not support a conclusion that a seizure occurred.
First, the fact that Trooper Hicks described his role as “security” does not count for much in my estimation in light of the fact that he had no contact with Trinidad and Jose upon arriving at the scene. He testified that, after parking at the front of the trailer, he watched the back portion of the trailer and was not in a position to observe what was happening at the scene. True enough, he also testified that it would have been his job to stop anyone who came from the trailer, but there is no evidence that either Trinidad or Jose was aware of this fact. Indeed, as to them, Trooper Hicks could justifiably be described as “little more than [a] passive observerf ].” United States v. White, 81 F.3d 775, 779 (8th Cir.1996).
I give no weight to the fact that two of the officers were visibly armed, since most members of the public expect law enforcement officers to be armed, and there is no evidence that either of these officers ever by word or gesture in any way indicated that the use of those side arms was being contemplated.
This brings us to the two factors that the court concludes most heavily weigh in favor of a conclusion that a seizure occurred. As the court says, Bignell told Trinidad during the course of the encounter that he believed that Trinidad and Jose were drug dealers. This statement was made in response to Trinidad’s inquiry as to what Bignell wanted and not in an introductory, accusatory manner. Trinidad’s response to Bignell’s statement was to deny the allegation and to once again deny Bignell’s request for consent to enter the trailer, hardly the response of one who believed that he was powerless to do other than to comply with the officer’s requests. I agree with the magistrate judge’s analysis and conclusion on this issue:
Up to this point, the record does not suggest that Trinidad and Jose were coerced into talking to the police or that they were susceptible to any pressure that may have been asserted by the officers. Indeed, they affirmatively refused to allow the officers into the residence or to search the residence.
Turning to the matter of the unreturned identification cards, one must weigh the significance of that fact in the light of the circumstances. In contrast to the situation in Florida v. Royer, there is no evidence that Trinidad and Jose were about to catch a soon-to-depart airline flight or to undertake a cross-country journey. Accordingly, I place no significance on the fact that their identification cards were not returned to them before Trinidad’s telephone conversation with Becker.
In summary, I agree with the magistrate judge’s conclusion that Trinidad had not been seized at the time he was handed the cell phone by Bignell and thereafter conversed with Becker.
Likewise, I agree with the magistrate judge’s finding that Trinidad’s statements to Becker at the jail were voluntarily made and its conclusion that in light of the holding in United States v. Patane, the evi *537 dence seized pursuant to the warrant should be held to be admissible at trial.
Having reviewed the challenge to the sufficiency of the warrant set forth in Jose’s brief, I conclude that it is without merit.